UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00239-MR

| | |
|---|---|
| MARK LEE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU EPLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Mark Lee Jones ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. On November 7, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, against Defendant FNU Epley, identified as a Lieutenant at Marion; and FNU Wiseman, identified as "NSC – Main Medical head Supervisor;" both in their official capacities only. [Doc. 1; see Doc. 1-2]. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. [Id. at 3].

Plaintiff alleges as follows.

In March 2021, Plaintiff was assaulted while housed at Stanley County Jail. He was rush to the emergency room for an injury to his left eye, "which messed [his] vision up alot [*sic*]." [Id. at 5]. Plaintiff now has difficulty seeing and strains and squints his eye, which causes migraines. [Id.]. On August 2, 2022, at approximately 2:30 a.m., Plaintiff was escorted by two officers to Marion's main entrance to be transported to an outside eye clinic for treatment related to this injury. Defendant Epley denied Plaintiff transportation "because the cell phone machine was acting crazy." [Id. at 5].

Since then, Plaintiff has been seen by medical at Marion for his "blurry eye problems," which keep getting worse every day. Plaintiff seems to allege that the August 2022 appointment was rescheduled for October 2022, but that he never went to the rescheduled appointment at the eye clinic. Plaintiff seems to further allege that he was not able to go to the rescheduled appointment because medical personnel falsely claims that Plaintiff refused to go to the August 2022 appointment. Defendant Wiseman, Main Medical Supervisor, wrote Plaintiff on October 27, 2022, advising him that the eye clinic had been closed for one year due to COVID. Plaintiff alleges, "[m]y thing is if i was resceduled for (Oct 2022) why was i not transported to eye clinic?" [Id. (errors uncorrected)]. Plaintiff claims that, if he would have been

seen at the clinic, his current problems would be less severe because he would have the "proper tool" to protect his eyes from irritations like bright lights and squinting to watch television. [Id.].

For injuries, Plaintiff claims to suffer blurry vision and severe headaches. [Id. at 6]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to

inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). A delay in medical treatment, without more, is not deliberate indifference to a serious medical need. See Wynn v. Mundo, 367 F.Supp.2d 832 (M.D.N.C. Feb. 7, 2005). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

As a threshold matter, Plaintiff sues Defendants in their official capacities only. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants necessarily fail and the Defendants will be dismissed.

5

Case 1:22-cv-00239-MR   Document 9   Filed 01/03/23   Page 5 of 7

Even if Plaintiff had sued Defendants in their individual capacities, his claims would still fail. Plaintiff alleges only that Defendant Epley denied Plaintiff transportation to the eye clinic because of some sort of equipment malfunction. This is clearly insufficient to support an Eighth Amendment deliberate indifference claim against Defendant Epley. As for Defendant Wiseman, Plaintiff alleges only that she wrote Plaintiff a letter advising him that the eye clinic was closed. This is also plainly insufficient to state an Eighth Amendment claim against Defendant Wiseman. She will also be dismissed. Accordingly, any individual capacity claim against the Defendants would have been dismissed on initial review, in any event.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief, if the facts support such an amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this

Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Epley and Wiseman are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge