UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00239-MR

| | | |
|---|---|---|
| MARK LEE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU EPLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 10] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.   BACKGROUND**

Pro se Plaintiff Mark Lee Jones ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. He filed this action on November 7, 2022, pursuant to 42 U.S.C. § 1983, claiming that Defendant Wiseman, identified as a Lieutenant at Marion, and Defendant Epley, identified as Main Medical Supervisor, were deliberately indifferent to his serious medical needs. [Doc. 1; see Doc. 1-2]. In his original Complaint, Plaintiff alleged, in

pertinent part, the following. In March 2021, Plaintiff was assaulted while housed at Stanley County Jail and received emergency medical care for injury to his left eye. [Doc. 1 at 5]. On August 2, 2022, at approximately 2:30 a.m., Plaintiff was escorted by two officers to Marion's main entrance to be transported to an outside eye clinic for treatment related to this injury. Defendant Epley denied Plaintiff transportation "because the cell phone machine was acting crazy." [Id. at 5]. The August 2022 appointment was rescheduled for October 2022. Plaintiff, however, never went to the rescheduled appointment at the eye clinic because medical falsely claimed that Plaintiff refused to go to the August 2022 appointment. Defendant Wiseman wrote Plaintiff on October 27, 2022, advising him that the eye clinic had been closed for one year due to COVID. Plaintiff alleged, "[m]y thing is if i was resceduled for (Oct 2022) why was i not transported to eye clinic?" [Id. (errors uncorrected)].

On initial review of Plaintiff's original Complaint, the Court found that Plaintiff failed to state a claim for relief and allowed Plaintiff to amend his Complaint. [Doc. 9]. Plaintiff timely amended his complaint, which is now before the Court on initial review. [Doc. 10]. Plaintiff again names Defendants

2

Case 1:22-cv-00239-MR Document 11 Filed 01/30/23 Page 2 of 10

Epley[1] and Wiseman as Defendants in their individual capacities only. [Id. at 2].

In his Amended Complaint, Plaintiff alleges as follows. In July 2021, he was assaulted while housed at the Stanley County Jail. Since being at Marion, Plaintiff has suffered pain to his left eye, dizziness, and severe migraines, presumably due to this assault. Plaintiff has notified medical numerous times, but "they" have failed to show concern or help Plaintiff with his medical needs. On August 2, 2022, Plaintiff was "scheduled to see eye care." Defendant Epley canceled this appointment because Plaintiff had an altercation with another officer. The appointment was rescheduled for October 2022. Defendant Wiseman, however, intentionally "pushed back to (6) months" this appointment "because of these legal claims being filed." [Id. at 5]. Plaintiff further alleges that he "was moved to the bottom of the appointment list when legal claim was filed as retaliation" and that, if his condition worsens, "it could cost [him his] sight." [Id.].

For injuries, Plaintiff claims to suffer dizziness, "in-and-out" vision, and severe migraines. [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

---

[1] In the Caption of his Amended Complaint, Plaintiff names this Defendant as "Lt. Elby." [Doc. 10 at 1]. In the body of the Complaint, Plaintiff inconsistently refers to this Defendant as "Epley" and "Elby." [See id. at 2, 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Court will address the claims fairly raised by Plaintiff's Amended Complaint, which include a claim for deliberate indifference under the Eighth Amendment and a claim for retaliation under the First Amendment.

### A.  Medical Care

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the

5

treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

A delay in medical treatment, without more, is not deliberate indifference to a serious medical need. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022); see Wynn v. Mundo, 367 F.Supp.2d 832 (M.D.N.C. Feb. 7, 2005). The objective prong requires a plaintiff to show that the alleged delay put him at a "substantial risk" of "serious harm." Id. (quoting Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021)). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Id.

Giving Plaintiff the benefit of every reasonable inference and ignoring the discrepancies between Plaintiff's original and Amended Complaints, Plaintiff alleges only that Defendant Epley canceled Plaintiff's August 2022 eye appointment because Plaintiff was in an altercation with another officer. This is clearly insufficient to support an Eighth Amendment deliberate indifference claim against Defendant Epley. As for Defendant Wiseman,

6

Plaintiff alleges, at best, that Defendant Wiseman "pushed back" Plaintiff's October 2022 eye appointment "to the bottom of the appointment list." While Plaintiff claims that he "could" lose his sight if his condition worsens, he makes no allegations that any delay substantially increased any risk of harm or caused his condition to deteriorate rapidly. Thus, Plaintiff allegation against Defendant Wiseman is also plainly insufficient to state an Eighth Amendment claim. See Wynn, 367 F.Supp.2d 832. The Court, therefore, will dismiss Plaintiff's Eighth Amendment claim.

## B. Retaliation

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity

and the defendant's conduct.  Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted).  Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct.  See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).  More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim.  Id., 40 F.3d at 74.

Here, Plaintiff alleges that Defendant Wiseman pushed back his October 2022 eye appointment because Plaintiff filed "these legal claims."  This claim is not well taken.  Plaintiff made no such allegation in his original Complaint, which was filed on November 7, 2022.  In his original Complaint, Plaintiff alleged that Defendant Wiseman contacted Plaintiff regarding the cancelled appointment on October 27, 2022.  Plaintiff signed his original Complaint on November 4, 2022.[2]  [See Doc. 1 at 12].  It is factually impossible for Defendant Wiseman to have "pushed back" Plaintiff's October 2022 eye appointment in retaliation for a Complaint that was not filed until the following month.  Plaintiff's own allegations, therefore, negate causation

---

[2] Because exhaustion of administrative remedies is an affirmative defense, the Court did not address the implausibility of Plaintiff having exhausted these remedies before filing his Complaint.  Notably, Plaintiff has not filed a verified Administrative Remedies Statement with the Court.

8

between the protected activity and the adverse action.  See Martin, 977 F.3d at 299.  Plaintiff, therefore, has failed to state a claim for retaliation.  The Court will dismiss this claim.

The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and he has again failed to state a claim for relief.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).  Moreover, while Plaintiff did not assert the retaliation claim in his original Complaint, he alleged facts in the Amended Complaint that foreclose the possibility of sustaining this claim through another chance at amendment.  The Court need not allow another round of amendment where such would be futile.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: January 27, 2023

Martin Reidinger
Chief United States District Judge